**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00092-CV**
_____

**IN RE CITY OF CONROE, TEXAS**

_____

**Original Proceeding**
**Montgomery County, Texas**
_____

**MEMORANDUM OPINION**

The City of Conroe, Texas filed a petition for a writ of mandamus seeking to compel the Respondent, Soco M. Gorjón (Gorjón), in her capacity as the City Secretary of the City of Conroe, Texas (1) to review and reject the application of Real Party in Interest Curtis L. Maddux (Maddux) for a place on the City of Conroe's 2024 general election ballot for the office of City Council, Place 2 and notify Maddux that his application does not comply with the applicable statutory requirements and his name will be removed from the list of certified candidates in the City of Conroe's 2024 general election; and (2) to review and reject the application of Real Party in Interest Bobby Todd Yancey (Yancey) for a place on

the City of Conroe's 2024 general election ballot for the office of Mayor and notify Yancey that his application does not comply with the applicable statutory requirements and his name will be removed from the list of certified candidates in the City of Conroe's 2024 general election. *See* Tex. Elec. Code Ann. § 273.061.

To have standing under section 273.061 of the Texas Election Code, a relator must demonstrate that it possesses an interest in a conflict distinct from that of the general public, such that the respondent's actions have caused the relator some particular injury. *In re Kherkher*, 604 S.W.3d 548, 553 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding). The City argues the Respondent's potentially ultra vires acts of failing to reject the applications and either directing or allowing notary duties to be performed outside of what is required by law waived Respondent's governmental immunity and may expose Respondent and Relator to liability for possible damages. After reviewing the petition and appendix, the Court concludes that the City failed to establish that it has standing to petition for the mandamus relief sought. Accordingly, we dismiss the petition for a writ of mandamus.

PETITION DISMISSED.

PER CURIAM

Submitted on March 15, 2024
Opinion Delivered March 15, 2024

Before Golemon, C.J., Johnson and Wright, JJ.

2